```
                    United States District Court
                      District of Massachusetts
_____
                              )
TIMOTHY DUGUAY,               )
        Petitioner,           )
                              )
        v.                    )       Civil Action No.
                              )       03-11575-NMG
LUIS SPENCER,                 )
        Respondent.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This habeas petition arises out of a first degree murder conviction returned on November 24, 1997 in Massachusetts Superior Court. Petitioner Timothy Duguay ("Duguay") was convicted of stabbing his neighbor, Robert Madera ("Madera"). He is currently serving a life sentence.

On February 22, 2011, after review of the mandate of the First Circuit Court of Appeals, this Court issued a Memorandum & Order addressing Duguay's claims that his trial counsel was ineffective for not presenting at trial testimony of 1) Duguay himself, 2) Tanya Anshewitz, a potential alibi witness, and 3) Dr. Stan Abrams, a polygraph expert. The Court directed Attorney Kevin J. Reddington ("Att'y Reddington"), Duguay's trial counsel, to provide to the Clerk of Court, on or before March 31, 2011, an affidavit addressing only his strategic decisions as trial counsel not to offer testimony of Duguay or Ms. Tanya Anshewitz.

-1-

On February 24, 2011, Att'y Reddington submitted an affidavit stating that, before and during trial, he spoke at length with Duguay regarding whether he should testify and "clearly and unequivocally" told him that he had "a constitutional right to offer testimony and the decision is his and his alone." Att'y Reddington also asserts that he and Duguay discussed the likely nature of the prosecution's cross-examination concerning Duguay's affair and sexual intercourse with the victim. Att'y Reddington explains that, in light of that potential cross-examination, he advised Duguay not to testify. He states that Duguay declined to testify and opines that his decision was a "result of clear, calculated consideration". The Court concludes, on the basis of Att'y Reddington's affidavit, the record and Petitioner's memoranda, that Duguay knowingly waived his right to testify, albeit on the advice of counsel. See Siciliano v. Vose, 834 F.2d 29, 31 (1st Cir. 1987).

With respect to Ms. Tanya Anshewitz, Att'y Reddington reports that, prior to trial, he spoke to her by telephone on several occasions and interviewed her in person at length. He concluded that Ms. Anshewitz "did not support and . . . would have hurt Mr. Duguay's case before the trial jury." He attests that he spoke with Duguay in detail about Ms. Anshewitz's prospective testimony and Duguay "endorsed the tactical decision

not to present her as a witness." Thus, the Court is satisfied that Att'y Reddington's decision was not "manifestly unreasonable when made." Commonwealth v. Britto, 744 N.E. 2d 1089, 1098 (Mass. 2001).

Consequently, for the reasons set forth in this Court's February 22, 2011 Memorandum & Order (Docket No. 157), and based upon Att'y Reddington's affidavit, the Court concludes that Att'y Reddington did not provide ineffective assistance of counsel at trial and Petitioner Duguay is not entitled to a writ of habeas corpus.

## ORDER

In accordance with the foregoing, Duguay's petition for a writ of habeas corpus (Docket No. 1) is **DISMISSED.**

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated February 28, 2011