United States District Court
District of Massachusetts

_____
                                   )
**TIMOTHY DUGUAY,**                )
    **Petitioner,**    )
                                   )
    v.                )     Civil Action No.
                                   )     03-11575-NMG
**LUIS SPENCER,**                  )
    **Respondent.**    )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

This petition for a writ of habeas corpus, filed by petitioner Timothy Duguay, arises out of his first degree murder conviction returned on November 24, 1997 in the Massachusetts Superior Court Department for Plymouth County.

**I.  Background**

On February 28, 2011, this Court held, for the reasons set forth in its February 22, 2011 ruling, Duguay v. Spencer, Civ. A. No. 03-11575, 2011 WL 673923 (D. Mass. Feb. 22, 2011), and based upon the affidavit submitted by petitioner's trial counsel, Kevin Reddington ("Att'y Reddington"), that Att'y Reddington did not provide Duguay with ineffective assistance of counsel and Duguay is not entitled to a writ of habeas corpus. Duguay v. Spencer, Civ. A. No. 03-11575, 2011 WL 794907 (D. Mass. Feb. 28, 2011). Petitioner now moves to alter or amend both orders. The motions will be treated as motions for reconsideration.

## II. **Motion for Reconsideration**

To obtain relief on a motion for reconsideration, the moving party must demonstrate that either newly discovered evidence has come to light or the court committed a manifest error of law. Palmer v. Champion Mortg., 465 F.3d 24, 29 (1st Cir. 2006). The Court finds that Duguay is not entitled to reconsideration because he has not presented any new evidence nor shown that this Court committed a manifest error of law. For the reasons stated in its February, 2011 orders, the Court reiterates that Duguay is not entitled to a hearing nor relief on his three remaining claims of ineffective assistance of counsel.

The Court affirms its earlier determination that the affidavit submitted by Att'y Reddington, combined with petitioner's affidavit and the record, provide a sufficient basis upon which to determine whether Duguay was denied his right to testify.

First, pursuant to Siciliano v. Vose, an evidentiary hearing is warranted on such a claim only where the allegations are "highly specific and usually accompanied by some independent corroboration". 834 F.2d 29, 31 (1st Cir. 1987) (quoting United States v. Butt, 731 F.2d 75, 80 n.5 (1st Cir. 1984)); see also Underwood v. Clark, 939 F.2d 473, 475-76 (7th Cir. 1991). Despite the fact that Duguay's assertion was fairly general and uncorroborated and an evidentiary hearing is, therefore, not

required, the Court erred on the side of caution and ordered Att'y Reddington to submit an affidavit addressing Duguay's allegations. In analogous cases, courts have held that an affidavit from trial counsel can negate the necessity for an evidentiary hearing. See, e.g., Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001).

Moreover, the Court is not satisfied, based on the record in this case, that "the facts underlying [Duguay's] claim would be sufficient to establish by clear and convincing evidence that but for [the denial of his right to testify], no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2) (establishing the criteria which must be satisfied before the Court can conduct an evidentiary hearing in a § 2254 action). Thus, the Court again concludes that a full evidentiary hearing on Duguay's petition is not obligatory and reiterates its prior rulings.

### ORDER

In accordance with the foregoing, petitioner's motions for reconsideration (Docket Nos. 162 and 163) are **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 30, 2011