```
                     United States District Court
                       District of Massachusetts
_____
                              )
TIMOTHY DUGUAY,               )
        Petitioner,           )
                              )
        v.                    )    Civil Action No.
                              )    03-11575-NMG
LUIS SPENCER,                 )
        Respondent.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This petition for a writ of habeas corpus, filed by petitioner Timothy Duguay, arose out of his conviction for first degree murder on November 24, 1997 in the Massachusetts Superior Court Department for Plymouth County.

**I.  Background**

Earlier this year, this Court held that Petitioner was not entitled to a writ of habeas corpus for the reasons set forth in its February 22, 2011 ruling, Duguay v. Spencer, Civ. A. No. 03-11575, 2011 WL 673923 (D. Mass. Feb. 22, 2011), and based upon an affidavit submitted by petitioner's trial counsel, Kevin Reddington ("Att'y Reddington").  That affidavit convinced this Court that Att'y Reddington had not provided Duguay with ineffective assistance of counsel.  Duguay v. Spencer, Civ. A. No. 03-11575, 2011 WL 794907 (D. Mass. Feb. 28, 2011).

On June 30, 2011, the Court denied petitioner's motion for

reconsideration of those two orders. Duquay v. Spencer, Civ. A. No. 03-11575, 2011 WL 2632124 (D. Mass. June 30, 2011). Petitioner now requests a certificate of appealability ("COA") with respect to those three orders.

## II. Legal Analysis

### A. Standard and Procedure for Issuance or Denial of a Certificate of Appealability

Section 2253(c) of Title 28 of the United States Code provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to make a "substantial showing", a petitioner seeking a COA must show that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). In ruling on a motion for a COA, a district court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

The inquiry as to whether the issue is "debatable amongst jurists of reason" has been interpreted as a very low barrier to the issuance of a COA. Miller-El v. Cockrell, 537 U.S. 322, 338, 341 (2003). The petitioner need not show that some jurists would

grant his petition for a writ of habeas corpus. Id. In fact, a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Id. The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith on his or her part." Id. (internal quotations omitted).

**B. Application**

The grounds for ineffective assistance of trial counsel that Duguay raised in his petition required this Court to make a fact-driven determination based upon close examination and analysis of the trial record. The Court concludes, therefore, that reasonable jurists could debate its denial of Duguay's claim of ineffective assistance of trial counsel and subsequent dismissal of his petition for a writ of habeas corpus. Reasonable jurists could disagree with this Court's decision 1) to disregard the grounds for ineffective assistance of counsel not stated in Duguay's petition and 2) to deny his other motions in its February 22, 2011 Memorandum & Order. For those reasons, the Court will issue a COA with respect to all of the issues decided in its orders entered in February and June of 2011.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 10, 2011